## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | | |
|---|---|---|
| Sharon Razzano, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   3:23-cv-574 |
| State Collection Service, Inc., a Wisconsin corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Sharon Razzano brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Sharon Razzano ("Razzano"), is a citizen of the State of South Carolina from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Prisma Health ("Prisma") account.

4. Defendant, State Collection Service, Inc. ("SCSI"), is a Wisconsin corporation that, from its offices in Madison, Wisconsin, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the

1

telephone and/or credit reporting, to collect or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. SCSI operates a defaulted debt collection business and attempts to collect debts from consumers in many states.

5. Defendant SCSI was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant SCSI is authorized to conduct business in Wisconsin, is headquartered here, and maintains a registered agent here, see, records from the Wisconsin Secretary of State, attached at Exhibit A. In fact, Defendant conducts extensive business in Wisconsin.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Razzano was unable to pay her debts, including a debt she allegedly owed to Prisma Health ("Prisma"). Sometime after her debt went into default, it was sent to Defendant for collection, which then attempted to collect this debt from Ms. Razzano via a negative credit report.

8. Defendant also attempted to collect the debt from Ms. Razzano by sending a collection letter, directly to her, dated October 1, 2022, demanding payment of the Prisma Health debt. A copy of this collection letter is attached as Exhibit B.

9. Unsure about the debt, as well as Defendant, Ms. Razzano had her attorney write to Defendant, via a letter dated May 19, 2023, to inform Defendant that Ms. Razzano was represented by counsel, and that she disputed the correctness of the debt that Defendant was trying to collect from her. A copy of this letter and facsimile confirmation are attached as Exhibit C.

10. Ms. Razzano's attorneys' letter was sent to, and received by, Defendant

SCSI at the facsimile number SCSI listed with the Nationwide Multistate Licensing System for Consumer Access, a printout of which is attached as Exhibit D.

11. On August 22, 2023, Ms. Razzano obtained and reviewed a copy of her TransUnion credit report, which showed that Defendant had continued to report the Prisma debt, but had failed to note that the debt was disputed. The pertinent part of Ms. Razzano's TransUnion credit report is attached as Exhibit E.

12. Accordingly, on August 22, 2023, Ms. Razzano had to take the additional time, effort, and expense to have another attorney write Defendant a letter, to re-emphasize that she disputed the debt that Defendant was trying to collect from her. A copy of this letter is attached as Exhibit F.

13. Defendant's violations of the FDCPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed her credit reputation, impaired her credit rating, and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that she did not actually have the right to dispute the debt.

14. Furthermore, § 1692e(8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

15. Defendant's collection actions negatively impacted Ms. Razzano's credit score and cost her time, effort and expense to remedy.

16. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

### COUNT I
### Violation Of § 1692e(8) Of The FDCPA –
### Failing To Report That A Disputed Debt Is Disputed

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

19. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and by failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

20. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

23.     Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, and by failing to report that the debt was disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

24.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Sharon Razzano prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Razzano, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Sharon Razzano demands trial by jury.

        Sharon Razzano

        By: s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated: August 22, 2023

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com